IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | * * * * |
| Plaintiff, | * CV 617-134 |
| v. | * * * |
| NICHOLAS S. BACON and ERIC C. SMITH, | * * * |
| Defendants. | * * |

**O R D E R**

Plaintiff, the Prudential Insurance Company of America ("Prudential"), seeks relief from multiple liabilities it could face from Defendants Eric Smith and Nicholas Bacon related to the distribution of insurance proceeds. Before the Court are several motions: (1) Prudential's request for interpleader (doc. 1); (2) Defendant Smith's Motion for Entry of Default (doc. 9); and (3) Prudential and Defendant Smith's request to deposit funds and dismiss Prudential (doc. 10). The Court **GRANTS** Prudential's request for interpleader; **ORDERS** the Clerk of Court to enter default against Defendant Bacon; **GRANTS** Prudential's request to deposit funds; **DISMISSES** Prudential from this case; and **DENIES** Prudential's request for attorneys' fees.

## I. BACKGROUND

Prudential provided a life insurance policy (the "Policy") worth $100,000 (the "Death Benefit") to Montez Bacon (the "Insured"). Defendants Bacon and Smith are the children of the Insured. The sole primary beneficiary of the Policy is Defendant Bacon. On March 3, 2017, the Insured died from a gunshot wound to the back. That same day, police arrested Defendant Bacon on charges of aggravated assault and murder related to the Insured's death.

On October 18, 2017, Prudential filed a complaint in this Court against Defendants. According to Prudential, Georgia law prohibits Defendant Bacon from collecting the Death Benefit if he "feloniously and intentionally" killed the Insured. (Doc. 1, at 4.) If Defendant Bacon did "feloniously and intentionally" kill the Insured, "then it would be as if [Defendant Bacon] had predeceased the Insured and the Death Benefit would be payable to the Insured's surviving child, [Defendant Smith]." (Id.) Prudential claims that it "cannot determine factually or legally who is entitled to the Death Benefit" but that it is "ready willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the [Policy]." (Id. at 5.) Prudential's complaint requests that this Court allow it to deposit the Death Benefit into the Court's Registry, grant its request for interpleader between Defendants Bacon and

2

Smith, discharge it from the action, and award it attorneys' fees. (Id. at 6.)

Defendant Smith filed an answer to Prudential's complaint on November 15, 2017, which objected to Prudential's request to be dismissed on the grounds that "the Insured may have selected a plan option that obligated [Prudential] to pay as much as $200,000 in Death Benefits." (Doc. 7, at 2.) Defendant Bacon, however, failed to file any response to Prudential's complaint. Thus, on November 28, 2017, Defendant Smith filed a motion for entry of default against Defendant Bacon. (Doc. 9.)

On March 30, 2018, Prudential and Defendant Smith filed a "Joint Motion for Permission to Deposit Funds and For Dismissal of [Prudential]." (Doc. 10.) In this motion, the parties seek permission for Prudential to deposit funds into the Court's Registry and ask the Court to "discharg[e] Prudential of all liability with respect to the [Policy] and the Death Benefit and dismiss[] with prejudice all claims against Prudential relating to the [Policy] and/or Death Benefit." (Id. at 2-3.)

## II. DISCUSSION

### A. Interpleader

Interpleader is a "remedial joinder device" which "allows a stakeholder who is uncertain if and to whom he is liable for money or property held by him to join those who are or might assert claims against him." 22 Charles A. Wright, Arthur R.

3

Miller & Mary K. Kane, <u>Federal Practice and Procedure</u> § 1702, p. 533 (3d ed. 2001) (hereinafter "Federal Practice"). It is authorized by Federal Rule of Civil Procedure 22, which states, "persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).

Courts apply the interpleader remedy in two stages. 22 Federal Practice, § 1714 at 624. In the first stage, courts must determine whether the requesting party has the right "to compel the claimants to litigate their claims to the stake in one proceeding." <u>Id.</u> at 624-25. If a court allows interpleader, it must then join the proposed defendants to the litigation and instruct them to interplead. <u>Id.</u> After the parties interplead, the Court may proceed to the second stage and determine "the respective rights of the claimants to the stake." <u>Id.</u> at 628. At this point, each claimant is adverse to the others and must prove its right to the disputed stake. <u>Id.</u>

The Court is currently in the first stage, where Prudential must prove that it is entitled to join Defendants Bacon and Smith as defendants in this litigation. The Court concludes Prudential has met its burden. Prudential is the stakeholder of $100,000 of benefits. Defendant Bacon is currently the beneficiary, but his arrest for the murder of the Insured casts legitimate doubt on his right to collect. If he cannot collect, Defendant Smith may be the proper beneficiary. In other words,

4

Prudential faces multiple liability: it has a finite amount of funds that could be claimed by multiple persons.

Because Prudential has demonstrated that it faces multiple liability, the Court **GRANTS** Prudential's interpleader request and joins Defendants Bacon and Smith as defendants in this litigation. Accordingly, the Court **ORDERS** Defendants Bacon and Smith to interplead, and both **SHALL** enter pleadings establishing their adversity to one another and stating their claims to the Death Benefit **WITHIN 21 DAYS** of the entry of this Order. See 22 Federal Practice, § 1715 at 632 ("If interpleader is ordered, each claimant should respond to the claims of the other claimants by denying their validity so that issue is joined."). Defendants Bacon and Smith **SHALL** also serve each other with their pleadings in accordance with the Federal Rules of Civil Procedure.

**B. Request to Discharge and Enjoin**

Next, the Court addresses Prudential's request that the Court dismiss it from this action and enjoin Defendants from prosecuting any action against it related to the coverage it provided the Insured. "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court

also may make any other order that is appropriate and convenient for the resolution of the competing claims." 22 Federal Practice, § 1714 at 627. Defendant Smith has affirmatively requested the Court dismiss Prudential and enjoin Defendants. Defendant Bacon has not responded to Prudential's request, and thus has waived any objections. L.R. 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Additionally, the Court finds that Prudential is a disinterested stakeholder. Accordingly, the Court now **DISMISSES** Prudential from this action and **ENJOINS** Defendants from prosecuting any action against Prudential related to the Insured's coverage under the Policy or Prudential's payment of any benefits under the Policy.

### C. Request to Deposit Funds

Prudential also requests permission to deposit the Death Benefit into the Court's Registry. Federal Rule of Civil Procedure 67 details the procedure for depositing funds into the Court's Registry. It states that "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party — <u>on notice to every other party and by leave of the court</u> — may deposit with the court all or part of the money . . . ." Fed. R. Civ. P. 67(a) (emphasis added). Here, Prudential placed every other party on notice of its intent to deposit funds in its complaint and its joint motion with Defendant Smith.

6

Defendant Smith has affirmatively asked the Court to accept the funds into its Registry, and Defendant Bacon made no response to Prudential's request, despite ample time to do so. Thus, the Court **GRANTS** Prudential's request to deposit funds and **ORDERS** the Clerk of Court to receive into the Registry of this Court payment by Prudential of the Death Benefit in the amount of $100,000 plus applicable interest.

**D. Attorneys' Fees**

Prudential's complaint requests "attorneys' fees and costs in their entirety" (doc. 1, at 6), but Prudential's joint motion to dismiss and deposit funds asks the Court to "dismiss[] Prudential from this action, with prejudice, and without cost to any party" (doc. 10, at 3). The Court concludes, therefore, that Prudential has abandoned its request for attorneys' fees. But even if Prudential has not abandoned its request, it may not receive attorneys' fees. As this Court has previously informed Prudential and its counsel, binding precedent prohibits Prudential from receiving attorneys' fees. See Prudential Ins. Co. of Am. v. Bailey, No. CV 616-060, 2017 WL 4340169, at *6 (S.D. Ga. Sept. 29, 2017). Thus, the Court **DENIES** Prudential's claim for attorneys' fees related to its interpleader claim.

**E. Default**

Finally, the Court addresses the issue of default. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party

7

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In cases using the procedural tool of interpleader, co-defendants, in addition to the plaintiff, may request an entry of default against other co-defendants. See Columbus Life Ins. Co. v. Allen, No. 3:13-cv-1612-J-39JBT, 2015 WL 12696200, at *1 (M.D. Fla. Apr. 23, 2015) ("Although it is typically the plaintiff who moves for an entry of default judgment, not a defendant, the right of a defendant in an interpleader action to do so has been recognized in this Circuit and otherwise."); New York Life Ins. Co. v. Snyder, No. 5:11-cv-618-Oc-34TBS, 2012 WL 4760930, at *1 (M.D. Fla. Jul. 22, 2012) ("The right of a defendant in an interpleader action to move for entry of default judgment against a co-defendant is recognized by district courts within this circuit."); Hartford Life and Annuity Ins. Co. v. Bridges, No. 3:08-CV-10 (CDL), 2008 WL 4394729, at *1 (M.D. Ga. Sept. 24, 2008) ("While it is typically the plaintiff who moves for an entry of default judgment, the right of a defendant in an interpleader action to do so is recognized. Generally, interpleader defendants can utilize Rule 55 when other parties fail to defend."). Because Defendant Smith has shown that Defendant Bacon has failed to "plead or otherwise defend," the Court **ORDERS** the Clerk to **ENTER DEFAULT** against Defendant Bacon.

8

### III. CONCLUSION

The Court **GRANTS** Prudential's request for interpleader (doc. 1.); **GRANTS** Prudential and Defendant Smith's joint motion to deposit funds and dismiss Prudential (doc. 10); **GRANTS** Defendant Smith's motion for entry of default (doc. 9.); and **DENIES** Prudential's request for attorneys' fees (doc. 1). Accordingly, the Court **ORDERS** the Clerk of Court to: (1) **ENTER DEFAULT** against Defendant Bacon; (2) **RECEIVE** into the Registry of this Court payment by Prudential of the Death Benefit in the amount of $100,000 plus applicable interest; (3) and **DISMISS** Prudential from this case. Furthermore, it **ORDERS** Defendants to enter pleadings establishing their adversity to one another and stating their claims to the Death Benefit **WITHIN 21 DAYS** of the entry of this Order. Defendants **SHALL** serve their pleadings on one another in accordance with the Federal Rules of Civil Procedure.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA