**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

THE PRUDENTIAL INSURANCE     \*
COMPANY OF AMERICA,     \*
    \*
      Plaintiff,     \*
    \*
        v.     \*       CV 617-134
    \*
NICHOLAS S. BACON and ERIC C.     \*
SMITH,     \*
    \*
      Defendants.     \*
    \*

---

**O R D E R**

---

Before the Court is Defendant Eric C. Smith's Motion for Entry of Judgment. (Doc. 17.) Because the lone remaining party, Defendant Nicholas S. Bacon, is in default, the Court will construe this filing as a motion for default judgment. For the reasons set forth below, Defendant Smith's motion is **GRANTED**.

## I. BACKGROUND

On October 18, 2017, Plaintiff The Prudential Insurance Company of America ("Prudential") filed this interpleader action concerning a group life insurance policy (the "Policy") covering Montez Bacon (the "Insured") in the amount of $100,000.00. (Compl., Doc. 1, ¶¶ 7-11.) Defendant Nicholas S. Bacon, the Insured's son, was the sole primary beneficiary under the policy.

(Id. ¶ 9, Ex. B.)  After the Insured's death, Defendant Eric C. Smith, the Insured's other son, filed a Preferential Beneficiary Statement with Prudential to claim the Policy's benefits.  (Id. ¶ 16, Ex. D.)  These two competing claims are the basis for this interpleader action.

On March 3, 2017, Montez Bacon was murdered by a gunshot wound to the back.  (Id. ¶ 10, Ex. C.)  Nicholas S. Bacon was subsequently arrested and charged with aggravated assault and murder in connection with the death of his mother.  (Id. ¶ 12.)  Under O.C.G.A. § 53-1-5 and the terms of the Policy, if Bacon "feloniously and intentionally" killed the Insured he forfeits his right to the benefits and is treated as if he predeceased the Insured.  (Id. ¶¶ 13-15.)  Georgia law further provides that any person who commits murder or voluntary manslaughter shall not receive benefits from any insurance policy on the life of the deceased, even if that person is the named beneficiary.  O.C.G.A. § 33-25-12.  Thus, if Bacon committed the murder of the Insured, the Policy's benefits would be payable to the Insured's heirs at law, Eric C. Smith.  (Id. ¶ 15.)

Shortly after Prudential filed its complaint, Smith filed his answer.  (Doc. 7.)  Bacon, however, has yet to file an answer or any other responsive pleading, even though he was served with process on October 31, 2017.  (Doc. 5.)

On May 25, 2018, upon joint motion from Prudential and Smith, the Court ordered Prudential to deposit the $100,000.00 benefit plus applicable interest into the Registry of the Court,[1] dismissed Prudential from the case, and enjoined Smith and Bacon from prosecuting any action against Prudential related to the Policy's benefits. (Order of May 25, 2018, Doc. 10, at 4-6.) The Court also instructed the Clerk to enter default against Bacon for failing to plead or otherwise defend. (Id. at 8.) Finally, the Court ordered Bacon and Smith to enter pleadings establishing their adversity to one another and their claim to the Policy's benefits within twenty-one days. (Id. at 5.)

Five days later, Smith entered a cross-claim complaint against Bacon establishing his own claim to the Policy's benefits.[2] (See Cross-cl. Compl., Doc. 13.) Bacon never entered a pleading as instructed by the Court's May 25th Order. He did, however, file a motion for appointment of counsel within the twenty-one-day period. (Doc. 15.) The United States Magistrate Judge subsequently denied Bacon's motion concluding that this case did not present an "exceptional circumstance" requiring the appointment of counsel. (Order of July 9, 2018, Doc. 16, at 3-

---

[1] On June 11, 2018, the Clerk of Court certified that Prudential deposited $113,139.30 into the Registry of the Court, which represents the $100,000.00 of benefits plus accrued interest. (Doc. 14.)
[2] Smith's sole cross-claim in his complaint is a request for a declaratory judgment that Bacon is not entitled to the benefits because he committed a disqualifying murder of the Insured and Smith is owed the Policy's benefits as the heir at law of the Insured. (See Cross-cl. Compl., ¶¶ 9-16.)

3

4.) Since then, Bacon remains in default and has not filed a motion to set aside the entry of default or a pleading as instructed by the Court's May 25th Order.

On January 4, 2019, Smith filed a "Motion for Entry of Judgment" requesting judgment be entered in his favor and that he be awarded the full amount of benefits currently in the Registry of the Court. (Doc. 17.) Smith's motion notes that Bacon remains in default, has not asserted any claim to the Policy's benefits, and has not complied with the Court's May 25th Order. Accordingly, the Court will construe Smith's motion as a motion for default judgment.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) governs the Court's ability to grant a default judgment and vests the Court with discretion to determine whether judgment should be entered. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co.

v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. Three distinct matters are essential for the entry of default judgment: (1) jurisdiction, (2) liability, and (3) damages. Pitts, 321 F. Supp. 2d at 1356. With respect to the jurisdictional element, "[t]he Court must have personal and subject-matter jurisdiction over the defendant." Id. Furthermore, "[t]he presence of the Court's jurisdiction must appear on the face of the complaint." Id.

## B. Jurisdiction

The Court has subject matter jurisdiction over this case under multiple statutes. First, the parties are diverse; Prudential is a citizen of New Jersey and both Bacon and Smith are citizens of Georgia. (Compl., ¶ 5.) The Policy's benefits at issue in this action exceed $75,000. Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.[4]

Second, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Policy funds an employee welfare

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

[4] Prudential also invokes Federal Rule of Civil Procedure 22, often referred to as rule interpleader, which requires diversity between the stakeholder and the claimants; there is no requirement that the claimants be diverse from one others. See Ohio Nat. Life Assur. Co. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 249 (11th Cir. 2009) ("Rule 22 requires complete diversity between the stakeholder and the claimants.").

5

benefit program governed by the Employment Retirement Income Security Act. ("ERISA"). <u>See</u> 29 U.S.C. § 1132. Further, the Court has supplemental jurisdiction over Smith's cross-claim because it arises out of the same transaction or occurrence as the interpleader action. <u>See</u> 28 U.S.C. § 1367; FED. R. CIV. P. 13(g). Finally, the Court has personal jurisdiction over Smith and Bacon because they both reside in the state of Georgia. (Compl., ¶¶ 2-3.)

## C. Liability

Georgia law provides:

No person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section.

O.C.G.A. § 33-25-13.

On March 25, 2019, after a jury trial in the Superior Court of Liberty County, Georgia, Bacon was found guilty of felony murder, aggravated assault, malice murder, and possession of a firearm or knife during commission of or attempt to commit certain crimes. (See <u>State v. Bacon</u>, Case No. SUR2017000342 (Liberty Cty. Super. Ct. March 25, 2019).)[5] The Court takes judicial notice of

---

[5] The docket for this case, including the jury verdict, can be found at https://ww2.libertycountyga.com/publiccmwebsearch/.

6

the jury's guilty verdict in Bacon's criminal trial. See FED. R. EVID. 201; see also 21B Charles Alan Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4, at 230 (2d ed. 2005) ("[S]ince the enactment of Rule 201 federal courts notice the records of any court, state or federal."). The judicial finding of guilt provides prima facie evidence of Bacon's liability and Smith's right to the Policy's benefits. Because Bacon was found guilty of murdering the Insured, he is precluded from receiving any benefits.[6] Therefore, Smith, as the lone remaining Defendant and the Insured's heir at law, has established that he is entitled to the Policy's benefits.

## D. Damages

Where damages are for a "sum certain" and the evidence in the record clearly establishes those damages, a court need not conduct an evidentiary hearing. See FED. R. CIV. P. 55(b); S.E.C. v. Smyth, 420 F. 3d 1225, 1232 n.13 (11th Cir. 2005). Here, damages are for a sum certain — the Policy benefits and accrued interest — which Prudential deposited into the Court's Registry. Accordingly, default judgment in that amount is proper.

---

[6] Under O.C.G.A. § 53-1-5, Bacon also forfeits any interest in the Insured's estate. However, the Court applies O.C.G.A. § 33-25-13 because it specifically relates to insurance benefits, instead of estates more generally. Regardless, either statute produces the same result in this case.

### III. CONCLUSION

Based on the foregoing, Defendant Eric C. Smith's motion for entry of judgment (Doc. 17) is **GRANTED**. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendant Eric C. Smith in the amount of $113,390.30. **IT IS FURTHER ORDERED** that the Clerk disburse to Eric C. Smith the amount of $113,390.30 plus any accrued interest from the Registry of the Court. Finally, the Clerk is directed to **TERMINATE** any pending deadlines or motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of April, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA